# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| SURRENDA BURRISON | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| STEVEN TRAVIS STRICKLAND and | ) | |
| BUREAU OF ALCOHOL TOBACCO | ) | |
| FIREARMS AND EXPLOSIVES, and | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendants. | ) | |

**TO: THE ABOVE-NAMED DEFENDANTS, STEVEN TRAVIS STRICKLAND, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES and UNITED STATES OF AMERICA,**

**COMES NOW,** the Plaintiff, SURRENDA BURRISON, complaining of the negligent and/or reckless acts and/or omissions of the Defendants, STEVEN TRAVIS STRICKLAND and BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, and UNITED STATES OF AMERICA and alleges as follows:

## PARTIES

1. That the Plaintiff, SURRENDA BURRISON is now, and was at all times material hereto, a citizen and resident of Jasper County, South Carolina.

2. That, upon information and belief, the Defendant, STEVEN TRAVIS STRICKLAND is now, and was at all times material hereto, a citizen and resident of Richland County, South Carolina, and was an employee of Defendants BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES and UNITED STATES OF AMERICA.

3. That, upon information and belief, the Defendant, BUREAU OF ALCOHOL

1

TOBACCO FIREARMS AND EXPLOSIVES, is now, and was at all times material hereto, an office, agency, authority, department, commission, board, division, instrumentality, institution, and/or other federal entity of the Defendant UNITED STATES OF AMERICA.

## JURISDICTION AND VENUE

4. As to the Defendants, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES and UNITED STATES OF AMERICA, this civil action arises in part under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§2671, *et seq.*, and 28 U.S.C. §§1346(b)(1), and consists of a claim for damages and other relief against a Federal Agency and the United States of America for injuries and damages the Plaintiff sustained as a result of a motor vehicle incident.

5. That the parties hereto, the subject matter hereof, and all matters and things hereinafter alleged are within the jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1346(b) because the action was commenced against a federal employee for acts and omissions occurring while acting in the course and within the scope of his official employment and/or agency relationship.

6. That all claims, including but not limited to the state claims against Defendant STEVEN TRAVIS STRICKLAND come within jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1367(a), in that the court has supplemental jurisdiction over the claims because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. That venue for all causes of action stated herein is appropriate in the District of South Carolina, Columbia Division, pursuant to 28 U.S.C. §1391 because Defendant STEVEN TRAVIS STRICKLAND resides in this district for the purposes of venue, and a substantial part

of the events giving rise to Plaintiff's claims occurred in this division.

## PROCEDURAL PREREQUISITES

8. That the Plaintiff, SURRENDA BURRISON, has complied with all procedural prerequisites outlined in 28 U.S.C. §171 for jurisdiction under the FTCA, to wit:

   a. On or about January 9, 2012, the Plaintiff submitted a claim based on the allegations herein the amount of FIVE MILLION and 00/100 ($5,000,000.00) Dollars to the Defendant, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, pursuant to 28 U.S.C. §2401;

   b. On or about July 12, 2012, the Defendant BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES denied Plaintiff's aforementioned claim for damages;

   c. Plaintiff has exhausted all the administrative remedies set forth in the FTCA and has timely filed the foregoing action within six (6) months of the date of mailing of the agency's rejection letter (July 17, 2012);

   d. This action is proper in accordance with 28 U.S.C. §2675.

## FOR A FIRST CAUSE OF ACTION
### (Negligence and Recklessness)

9. That, upon information and belief, on or about January 12, 2010, at approximately 1:00 p.m., the Plaintiff, SURRENDA BURRISON, was a passenger in the vehicle being driven by Sanya Marian Wilson Grant. Sanya Marian Wilson Grant drove a 2006 Dodge, South Carolina license plate number SG86381, south on Assembly Street, in the right hand lane, in or near the city of Columbia, in Richland County, South Carolina.

10. That, upon information and belief, at or about the same time and place, the Defendant, STEVEN TRAVIS STRICKLAND, was driving a 2010 Dodge, South Carolina

3

license plate number FUG108, owned by the Defendant, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES and Defendant UNITED STATES OF AMERICA, south on Assembly Street, in or near the city of Columbia, in Richland County, South Carolina.

11. That, upon information and belief, the Defendant, STEVEN TRAVIS STRICKLAND, was at all times material hereto acting in the course and scope of his employment with the Defendant, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES.

12. That, upon information and belief, the Defendant, STEVEN TRAVIS STRICKLAND, drove the vehicle owned by the Defendant, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES in the left lane directly beside the vehicle in which the Plaintiff, SURRENDA BURRISON, was a passenger, on Assembly Street.

13. That, upon information and belief, the Defendant, STEVEN TRAVIS STRICKLAND, negligently, recklessly, heedlessly, wantonly, and/or willfully attempted to merge lanes and entered the right lane of Assembly.

14. That, upon information and belief, the Defendant, STEVEN TRAVIS STRICKLAND, negligently, recklessly, heedlessly, wantonly, and/or willfully disregarded a attempted to merge right immediately in front of the vehicle in which the PLAINTIFF, SURRENDA BURRISON, was a passenger; and/or that the Defendant, STEVEN TRAVIS STRICKLAND, attempted to merge right without first yielding the right-of-way to the oncoming vehicle; and/or that the Defendant, STEVEN TRAVIS STRICKLAND, negligently, recklessly, heedlessly, wantonly, and/or willfully attempted to merge right without first checking for and/or yielding to vehicles on the roadway that might constitute an immediate hazard to the reasonable safety of the lane merge; and/or that the Defendant, STEVEN TRAVIS STRICKLAND,

4

negligently, recklessly, heedlessly, wantonly, and/or willfully failed to properly assess the time and distance required to execute the lane change before attempting to merge right.

15. That, upon information and belief, the Defendant, STEVEN TRAVIS STRICKLAND, while attempting to change lanes, violently and forcefully collided the vehicle he was driving, wholly and/or partially owned by the Defendant, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES and Defendant UNITED STATES OF AMERICA, into the left side of the vehicle in which the Plaintiff, SURRENDA BURRISON, was a passenger.

16. That, upon information and belief, suddenly and without warning, the Defendant, STEVEN TRAVIS STRICKLAND, violently and forcefully collided the vehicle, owned by the Defendant, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES and Defendant UNITED STATES OF AMERICA, into the right front side of the vehicle in which the Plaintiff, SURRENDA BURRISON, was a passenger.

17. That, at all times mentioned herein, the Defendants, STEVEN TRAVIS STRICKLAND, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, and UNITED STATES OF AMERICA owed duties to the Plaintiff, SURRENDA BURRISON, as more particularly set forth herein, including, but not limited to, a duty to ensure the safe use and prudent operation of vehicles that they owned and/or operated, so as to inflict no harm or damage to any and all other persons, pedestrians, drivers, and passengers in other vehicles using the roadway; the Defendants, STEVEN TRAVIS STRICKLAND, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, and UNITED STATES OF AMERICA, breached these duties by reason of the acts and/or omissions leading to the incident described herein; and that, as a proximate cause of these breaches, the Plaintiff, SURRENDA BURRISON,

suffered injuries and damages as set forth more particularly herein.

18. That, due to the aforementioned impact, the Plaintiff, SURRENDA BURRISON, was thrown violently about the vehicle in which she was traveling, and did suffer severe and permanent injuries which are hereinafter more fully set forth.

19. That the personal injuries and damages suffered by the Plaintiff, SURRENDA BURRISON were due to, caused by, and were the direct and proximate result of the negligence, carelessness, recklessness, willfulness, wantonness, and/or heedlessness of the Defendants, STEVEN TRAVIS STRICKLAND, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, and UNITED STATES OF AMERICA, jointly and severally and/or by virtue of their respective bailor/bailee, lessor/lessee, employee/employer, master/servant, and/or principal/agent relationship(s), including any ostensible or apparent agency relationships, contractual relationships, corporate relationships, family relationships, and/or other relationships, in one, more, or all of the following particulars, to wit:

**As to the Defendant, STEVEN TRAVIS STRICKLAND**

(a) In negligently and/or recklessly attempting to change lanes on Assembly Street when such lane change could not be made with reasonable safety, in violation of § 56-5-2150(a) of the South Carolina Code of Laws, said act constituting negligence *per se* and being evidence of recklessness;

(b) In failing to yield the right-of-way to oncoming traffic that constituted an immediate hazard to the right lane change before merging into oncoming traffic, in violation of § 56-5-2320 of the South Carolina Code of Laws, said act constituting negligence *per se* and being evidence of recklessness;

(c) In failing to properly control the speed at which he was driving, so as to avoid colliding with oncoming traffic in violation of § 56-5-1520(a) of the South Carolina Code of Laws, said act constituting negligence *per se* and being evidence of recklessness;

6

(d)     In driving the vehicle owned by the Defendant, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, at a rate of speed greater than reasonable or prudent under the prevailing conditions, in violation of § 56-5-1520(a) of the South Carolina Code of Laws, said act constituting negligence *per se* and being evidence of recklessness;

(e)     In driving the vehicle owned by the Defendant, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, with a willful and/or wanton disregard for the safety of other persons on the roadway, namely the Plaintiff, SURRENDA BURRISON, in violation of § 56-5-2920 of the South Carolina Code of Laws, said act constituting negligence *per se* and being evidence of recklessness;

(f)     In driving the vehicle owned by the Defendant, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, in a negligent, careless, and reckless manner, so as to indicate a conscious disregard for the rights and safety of others, and more specifically for the rights and safety of the Plaintiff, SURRENDA BURRISON;

(g)     In negligently and/or recklessly causing the vehicle that he was driving to collide with oncoming traffic;

(h)     In failing to keep a proper lookout for traffic on public roadways, and more particularly for traffic and vehicles traveling in the adjacent right-hand lane, such as the vehicle in which Plaintiff was a passenger;

(i)     In failing to use the degree of care and caution that a reasonably prudent person would have used under the circumstances then and there prevailing;

(j)     In failing to keep the vehicle he was driving under proper control;

(k)     In failing to yield the right-of-way to the oncoming vehicle which constituted an immediate hazard to the reasonable safety of the right lane change;

(l)     In merging right immediately into the path of the oncoming vehicle;

(m)     In failing to properly judge the time and distance required to perform the right lane change;

(n) In failing to properly assess the speed of oncoming traffic, traveling in the proper direction and in the proper lane, before performing the right merge;

(o) In failing to properly control the speed of the vehicle he was driving;

(p) In failing to consider the traffic conditions of Assembly Street when determining the rate of speed at which to travel;

(q) In failing to properly and adequately repair and maintain the brakes on the vehicle he was driving, and, if so maintained, in failing to properly and adequately use them;

(r) In failing to properly maintain in all other ways the vehicle he was driving;

(s) In failing to exercise ordinary or even slight care in the maintenance and operation of the vehicle that he was driving; and

(t) In all other ways being negligent.

## As to the Defendant, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES THROUGH ITS EMPLOYEE/AGENT:

(u) That the negligence and recklessness of the Defendant, STEVEN TRAVIS STRICKLAND, is imputed to the Defendant, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, and that the Defendant BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, is vicariously liable for all of the negligent, reckless, willful, wanton, and heedless acts and omissions of the Defendant, STEVEN TRAVIS STRICKLAND, as set forth above in this Paragraph Nineteen (19), subparts (a) through (t), of this Complaint, committed in the course of and within the scope of their respective bailor/bailee, lessor/lessee, employee/employer, master/servant, and/or principal/agent relationship(s), including any ostensible or apparent agency relationships, contractual relationships, corporate relationships, family relationships, and/or other relationships;

(v) In failing to exercise ordinary or even slight care in the maintenance and control of its vehicle;

(w)  In failing to properly maintain brakes on its vehicle;

(x)  In negligently and recklessly entrusting their motor vehicle to the operation and control of an incompetent, inexperienced, and/or reckless driver, namely, the Defendant, STEVEN TRAVIS STRICKLAND, whom it knew or should have known to be an incompetent, inexperienced, and/or reckless driver;

(y)  In failing to properly supervise and control the use of its motor vehicle;

(z)  In negligently and/or recklessly failing to properly instruct and train the Defendant, STEVEN TRAVIS STRICKLAND, a known inexperienced, incompetent, and/or reckless driver, with whom it entrusted its motor vehicle, on proper driving techniques, as well as safety procedures, prior to allowing him to operate said vehicle;

(aa) In negligently and/or recklessly failing to properly supervise the Defendant, STEVEN TRAVIS STRICKLAND;

(bb) In negligently and/or recklessly failing to properly train the Defendant, STEVEN TRAVIS STRICKLAND;

(cc) In negligently and/or recklessly failing to exercise ordinary or even slight care in the supervision, entrustment, care, custody, and/or control of their motor vehicle;

(dd) In negligently and recklessly hiring inexperienced, incompetent, and/or reckless drivers, namely the Defendant, STEVEN TRAVIS STRICKLAND;

(ee) In failing to use the degree of care and caution that a reasonably prudent business and/or governmental entity would have used under the circumstances then and there prevailing; and

(ff) In all other ways being negligent.

**As to the Defendant, <u>UNITED STATES OF AMERICA THROUGH ITS EMPLOYEE/AGENT:</u>**

(gg) That the negligence and recklessness of the Defendant, STEVEN TRAVIS STRICKLAND, is imputed to the Defendant, UNITED STATES OF AMERICA, and that the Defendant UNITED STATES OF AMERICA, is vicariously liable for all of the negligent, reckless, willful, wanton, and heedless acts and omissions of the Defendant, STEVEN TRAVIS STRICKLAND, as set forth above in this

9

        Paragraph Nineteen (19), subparts (a) through (t), of this Complaint, committed in the course of and within the scope of their respective bailor/bailee, lessor/lessee, employee/employer, master/servant, and/or principal/agent relationship(s), including any ostensible or apparent agency relationships, contractual relationships, corporate relationships, family relationships, and/or other relationships;

(hh)    In failing to exercise ordinary or even slight care in the maintenance and control of its vehicle;

(ii)    In failing to properly maintain brakes on its vehicle;

(jj)    In negligently and recklessly entrusting their motor vehicle to the operation and control of an incompetent, inexperienced, and/or reckless driver, namely, the Defendant, STEVEN TRAVIS STRICKLAND, whom it knew or should have known to be an incompetent, inexperienced, and/or reckless driver;

(kk)    In failing to properly supervise and control the use of its motor vehicle;

(ll)    In negligently and/or recklessly failing to properly instruct and train the Defendant, STEVEN TRAVIS STRICKLAND, a known inexperienced, incompetent, and/or reckless driver, with whom it entrusted its motor vehicle, on proper driving techniques, as well as safety procedures, prior to allowing him to operate said vehicle;

(mm)    In negligently and/or recklessly failing to properly supervise the Defendant, STEVEN TRAVIS STRICKLAND;

(nn)    In negligently and/or recklessly failing to properly train the Defendant, STEVEN TRAVIS STRICKLAND;

(oo)    In negligently and/or recklessly failing to exercise ordinary or even slight care in the supervision, entrustment, care, custody, and/or control of their motor vehicle;

(pp)    In negligently and recklessly hiring inexperienced, incompetent, and/or reckless drivers, namely the Defendant, STEVEN TRAVIS STRICKLAND;

(qq)    In failing to use the degree of care and caution that a reasonably prudent business and/or governmental entity would have used under the circumstances then and there prevailing; and

(rr)   In all other ways being negligent.

**AS TO DEFENDANT UNITED STATES OF AMERICA THROUGH ITS AGENCY:**

(ss)   That the specific allegations set forth against Defendant STEVEN TRAVIS STRICKLAND, as the apparent or ostensible agent of Defendant BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, are hereby repeated and realleged and incorporated into this paragraph and imputed against Defendant BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES and also imputed to the Defendant, the UNITED STATES OF AMERICA, as if fully set forth herein verbatim wherein that this Government Agency is responsible and vicariously liable for the negligent and reckless acts or omissions of Defendant STEVEN TRAVIS STRICKLAND and/or any of its other employees and/or agents and thus are liable to the Plaintiff herein;

(tt)   That on or about January 12, 2010, Defendant STEVEN TRAVIS STRICKLAND, who was employed by, under the control of, or under contract with Defendant BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, violated or failed to comply with existing Government Agency's by-laws, policies, procedures, rules, regulations, protocols, guidelines and/or standards in the operation of his motor vehicle while performing his duties as an employee/agent of Defendant BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, said negligence is imputed to the Defendant, the UNITED STATES OF AMERICA;

(uu)   That the Defendant, UNITED STATES OF AMERICA, failed to properly administer, manage, direct, and/or supervise the business and/or training programs of Defendant BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES on or before January 12, 2010;

(vv)   That the Defendant, UNITED STATES OF AMERICA, failed to adopt and/or enforce appropriate and effective driver training and/or safety programs, policies, procedures, rules, regulations, and/or standards applicable to Defendant STEVEN TRAVIS STRICKLAND and other Government and Agency employees which would have protected the public and more particularly the Plaintiff, SURRENDA BURRISON from inappropriate, improper, careless, willful, wanton, negligent and/or reckless acts or omissions relating to her motor vehicle incident;

(ww)   That In failing to exercise ordinary, or even slight, care in the management, supervision and control of its subordinate agencies and their employees/agents,

11

including Defendants STEVEN TRAVIS STRICKLAND and Defendant BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES ; and

(xx) That Defendant BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES was careless, negligent, reckless, willful, wanton and/or heedless in such other ways as may be revealed during discovery and at trial.

20. That, by reason of the negligence, carelessness, recklessness, willfulness, wantonness, and/or heedlessness of the Defendants, STEVEN TRAVIS STRICKLAND, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, and UNITED STATES OF AMERICA, as set forth herein, and as a direct and proximate result thereof, the Plaintiff, SURRENDA BURRISON, suffered severe and permanent physical, mental, and emotional injuries and other damages in the following particulars, to wit:

**As to Plaintiff, SURRENDA BURRISON:**

(a) Upon impact, the Plaintiff, SURRENDA BURRISON, sustained injuries to her whole body, including, but not limited to her hip, legs, shoulder, head, neck and back;

(b) Further, the Plaintiff, SURRENDA BURRISON, suffered emotional distress as a result of the collision caused by the Defendants, STEVEN TRAVIS STRICKLAND, BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, and UNITED STATES OF AMERICA;

(c) Because of her injuries and as a result of the motor vehicle collision, the Plaintiff, SURRENDA BURRISON, has undergone expensive treatment programs, including, but not limited to, hospitalizations, painful physical therapy, and medical care;

(d) Because of her injuries and as a result of the motor vehicle collision, the Plaintiff, SURRENDA BURRISON, has suffered other injuries related to the compromised condition of her body due to the collision, such injuries which she would not have suffered but for the collision;

(e) As a result of the motor vehicle collision, the Plaintiff, SURRENDA BURRISON,

suffers, has suffered, and likely will continue to suffer severe and chronic pain, physical injury, and severe discomfort;

(f) Because of her injuries and as a result of the violent motor vehicle collision, the Plaintiff, SURRENDA BURRISON, has suffered and continues to suffer from emotional distress;

(g) The ability of the Plaintiff, SURRENDA BURRISON, to participate in work and recreational activities has been limited and severely impaired and will most probably be substantially limited and impaired in the future;

(h) As a result of her injuries, the Plaintiff, SURRENDA BURRISON, has suffered and experienced, and will most probably continue to suffer and experience, other physical impairments and disabilities;

(i) Because of the physical and mental impairments and disabilities she has suffered, the Plaintiff, SURRENDA BURRISON, has suffered and experienced, and will most probably continue to suffer and experience, an impairment of her enjoyment of living;

(j) The Plaintiff, SURRENDA BURRISON, has incurred medical expenses, and she will most probably continue to incur expenses for medical care and treatment in the future;

(k) The Plaintiff, SURRENDA BURRISON, has suffered and experienced, and will most probably continue to suffer and experience, economic losses, including, but not limited to, medical expenses and lost wages, as a result of these injuries;

(l) The Plaintiff, SURRENDA BURRISON, has been injured in other ways, all to her substantial detriment; and

(m) The Plaintiff, SURRENDA BURRISON, has sustained actual damages in an amount up to FIVE MILLION And/No Dollars ($5,000,000.00), together with costs and disbursements of this action and other damages this Court deems just and proper.

**WHEREFORE,** the Plaintiff, SURRENDA BURRISON, demands judgment against the

Defendants, STEVEN TRAVIS STRICKLAND, BUREAU OF ALCOHOL TOBACCO

FIREARMS AND EXPLOSIVES, and UNITED STATES OF AMERICA, in an amount up to FIVE MILLION And/No Dollars ($5,000,000.00) as to the First Cause of Action, such amount to include, but not be limited to actual damages and costs as the Court should deem fit and proper.

                **SVALINA LAW FIRM, P.A.**

                S/Samuel S. Svalina
                Samuel L. Svalina
                Federal I.D. No.: 4396
                Samuel S. Svalina
                Federal I.D. No.: 5320
                ATTORNEYS FOR THE PLAINTIFFS
                601 Bladen Street
                Post Office Drawer 1207
                Beaufort, South Carolina 29901-1207
                (843) 524-0333- Telephone
                (843) 524-4233- Facsimile
                sammy@svalinalawfirm.com

Beaufort, South Carolina
January 7, 2013