IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Surrenda Burrison, | ) | |
| | ) | C/A No. 3:13-105-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Steven Travis Strickland and Bureau of | ) | **O R D E R** |
| Alcohol Tobacco Firearms and | ) | |
| Explosives, and United States of | ) | |
| America, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Surrenda Burrison filed a complaint January 8, 2013, alleging that a vehicle in which she was a passenger collided with a vehicle operated by Defendant Steven Travis Strickland, an employee of Defendant Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). Plaintiff asserts a cause of action for negligence and seeks damages in an amount up to $5 million. Plaintiff brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. (FTCA) and 28 U.S.C. § 1346(b)(1).

This matter is before the court on motion of Defendant United States of America to substitute the United States for Defendants Strickland and ATF, which motion was filed on May 31, 2013. The United States also moves to dismiss Plaintiff's claims against these Defendants The United States filed a Certification of Scope of Employment Under 28 U.S.C. § 2679(d), in which the United States Attorney for the District of South Carolina affirmed that Defendant Strickland was, at all times relevant hereto, acting within the scope of his employment at the time of the alleged incident. Plaintiff filed a response to the United States' motion on June 10, 2013, to which the United States filed a reply on June 14, 2013.

Plaintiff does not object to the United States' motion, but contends that Defendants Strickland and ATF should be dismissed without prejudice. Plaintiff contends that she has sued Defendants Strickland and ATF in their capacities as agents of the United States. Citing South Carolina law, Plaintiff asserts that the dismissal with prejudice of these agents dismisses the principal, the United States. The court disagrees.

Title 28, United States Code, Section 2679(b)(1) provides for an exclusive remedy of suit against the United States for personal injury resulting from the negligence of any employee of the government while acting within the scope of his employment. Further, § 2679(d)(2) provides that, upon certification by the Attorney General that a federal employee was acting within the scope of his employment at the time of the incident at issue, any civil action arising out of the incident "shall be deemed an action brought against the United States . . . and the United States shall be substituted as the party defendant." The court concludes that Defendants Strickland and ATF should be dismissed with prejudice.

The motion to substitute the United States for Defendants Strickland and ATF is **granted**. It therefore is ordered that the United States is substituted as a Defendant in place of Defendants Strickland and the ATF. Defendants Strickland and ATF are dismissed, with prejudice. The caption shall be amended to reflect the substitution of the United States.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina

June 21, 2013